Steven T. Lovett, OSB No. 910701
steve.lovett@stoel.com
STOEL RIVES LLP
760 SW Ninth Avenue, Suite 3000
Portland, OR 97205
Telephone: 503.224.3380
Facsimile: 503.220.2480

Brian E. Ferguson (Admitted *Pro Hac Vice*)
brian.ferguson@weil.com
Christopher T. Marando (Admitted *Pro Hac Vice*)
christopher.marando@weil.com
Stephen P. Bosco (Admitted *Pro Hac Vice*)
stephen.bosco@weil.com
Matthew D. Sieger (Admitted *Pro Hac Vice*)
matthew.sieger@weil.com
WEIL, GOTSHAL & MANGES LLP
1300 Eye Street NW Suite 900
Washington, D.C. 20005
Telephone: 202.682.7000
Facsimile: 202.857.0940

Attorneys for Defendants

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | | |
|---|---|---|
| GARMIN SWITZERLAND GMBH, a Swiss Limited Liability Company, and GARMIN CORPORATION, a Taiwan Corporation,<br><br>Plaintiffs,<br><br>v.<br><br>FLIR SYSTEMS, INC, an Oregon corporation, and FLIR MARITIME US, INC. (F/K/A RAYMARINE, INC.), a Delaware Corporation,<br><br>Defendants. | ) | No. 3:17-cv-01147-SB<br><br>MOTION TO STAY PENDING FLIR'S MOTION TO DISMISS AND INSTITUTED IPR PROCEEDING, AND SUPPORTING MEMORANDUM OF LAW |

# TABLE OF CONTENTS

I. LOCAL RULE 7.1 CERTIFICATION....................1

II. MOTION TO STAY....................1

III. FACTUAL BACKGROUND....................2

IV. LEGAL STANDARDS....................3

A. General Discretion to Stay....................3

B. *Inter Partes* Review – Origins and Procedures....................5

V. DISCOVERY SHOULD BE STAYED PENDING THE COURT'S DECISION ON FLIR'S MOTION TO DISMISS....................7

A. Invalidity Under § 101 is a Threshold Legal Issue That Should Be Addressed Before Discovery....................7

B. Other Factors Weigh Heavily in Favor of a Discovery Stay....................9

VI. EVEN IF THE COURT DENIES FLIR'S MOTION TO DISMISS, IT SHOULD CONTINUE TO STAY THE CASE IN ITS ENTIRETY IN VIEW OF THE INSTITUTED IPR ON THE '703 PATENT....................11

A. Garmin Cannot Credibly Complain Of Prejudice Or Complain Of Tactical Disadvantage....................11

B. The Pending IPR Will Indisputably Simplify The Issues In The Case....................13

C. The Procedural Posture Overwhelmingly Weighs In Favor Of A Stay....................15

VII. CONCLUSION....................16

## TABLE OF AUTHORITIES

**Page(s)**

**CASES**

*Ameritel Inns v. Moffat Bros. Plastering, L.C.*,
No. CV 06-359-S-EJL, 2007 WL 1792323 (D. Idaho June 20, 2007) ....................................7

*Aylus Networks, Inc. v. Apple Inc.*,
856 F.3d 1353 (Fed. Cir. 2017).........................................................................................13

*Ciuffitelli v. Deloitte & Touche LLP*,
No. 3:16-CV-0580-AC, 2016 WL 6963039 (D. Or. Nov. 28, 2016).......................................5

*Drink Tanks Corp. v. GrowlerWerks, Inc.*,
No. 3:16-CV-410-SI, 2017 WL 2633389 (D. Or. June 19, 2017) ................................. passim

*F.T.C. v. Actavis, Inc.*,
133 S.Ct. 2223 (2013)...........................................................................................................7

*Fresenius USA, Inc. v. Baxter Int'l Inc.*,
721 F.3d 1330 (Fed. Cir. 2013).........................................................................................13

*In re TLI Commc'ns LLC Patent Litig.*,
823 F.3d 607 (Fed. Cir. 2016)...............................................................................................7

*Jarvis v. Regan*,
833 F.2d 149 (9th Cir. 1987) ................................................................................................7

*Keranos, LLC v. Silicon Storage Tech., Inc.*,
797 F.3d 1025 (Fed. Cir. 2015).........................................................................................11

*Lans v. Digital Equip. Corp.*,
252 F.3d 1320 (Fed. Cir. 2001).........................................................................................11

*Netlist, Inc. v. Smart Storage Systems, Inc.*,
2015 WL 1738192 (N.D. Cal. 2015) ...................................................................................14

*NFC Tech. LLC v. HTC Am., Inc.*,
No. 2:13-cv-1058-WCB, 2015 WL 1069111 (E.D. Tex. Mar. 11, 2015)................................4

*OIP Techs., Inc. v. Amazon.com, Inc.*,
788 F.3d 1359 (Fed. Cir. 2015)........................................................................................8, 9

*PersonalWeb Technologies, LLC v. Apple Inc.*,
69 F.Supp.3d 1022 (N.D. Cal. Sept. 24, 2014) ...................................................................12

*Raytheon Co. v. Samsung Electronics Co., Ltd.*,
No. 2-15-cv-00341, Dkt. No. 117 (E.D. Tex. Feb. 22, 2016)....12

*Robert Bosch Healthcare Systems, Inc. v. Cardiocom, LLC*,
2014 WL 3107447 (N.D. Cal. 2014) ....14

*Rutman Wine Co. v. E. & J. Gallo Winery*,
829 F.2d 729 (9th Cir.1987) ....4, 7

*SenoRx, Inc. v. Hologic, Inc.*,
2013 WL 144255 (D. Del. Jan. 11, 2013)....13

*TC Heartland LLC v. Kraft Foods Group Brands LLC*,
137 S. Ct. 1514, 197 L. Ed. 2d 816, 2017 U.S. LEXIS 3213 (May 22, 2017) ....2, 10

*Top Rank, Inc. v. Haymon*,
No. CV 15-4961-JFW, 2015 WL 9952887 (C.D. Cal. Sept. 17, 2015)....4

*Tranxition, Inc. v. Lenovo (U.S.) Inc.*,
No. 3:12-CV-01065-HZ, 2015 WL 4203469 (D. Or. July 9, 2015) ....8

**STATUTES**

35 U.S.C. § 101....1, 2, 7, 8

35 U.S.C. § 154(a)(2)....11

35 U.S.C. § 271(a) ....7

35 U.S.C. § 282 (2)-(3) ....7

35 U.S.C. § 315(e) ....13

Leahy-Smith America Invents Act, Pub. L. No. 112-29, 125 Stat. 284 (2011)....5

**OTHER AUTHORITIES**

Fed. R. Civ. P. 12(b)(6)....4

Fed. R. Civ. P. 26(f) ....3, 15

D. Or. L. R. 7.1 ....1

## I. LOCAL RULE 7.1 CERTIFICATION

The undersigned counsel for Defendants FLIR Maritime US, Inc. and FLIR Systems, Inc. (collectively, "FLIR") certify that on August 18, August 22, September 25, September 26, and September 29, 2017, FLIR's counsel conferred with counsel for Garmin Switzerland GmbH ("Garmin Switzerland") and Garmin Corporation (collectively, "Plaintiffs" or "Garmin") regarding the subject matter of this motion. FLIR believed that the parties reached an agreement that, pursuant to Garmin's proposal, the case should be immediately stayed. Garmin later backed off from that proposal and the parties are no longer able to reach an agreement, necessitating FLIR's filing of the present motion.

## II. MOTION TO STAY

This dispute relates to navigational devices used for recreational boating. More particularly, it relates to Garmin's effort to use invalid patent claims to monopolize that market for itself. Indeed, the United States Patent Trial and Appeal Board ("PTAB") has already determined, in an *inter partes* review ("IPR") process instituted by FLIR, that all asserted claims of U.S. Pat. No. 7,268,703 ("the '703 patent") are reasonably likely to be cancelled in view of a prior art dissertation that discloses or renders obvious every limitation of the claims. Further, as set forth in FLIR's Motion to Dismiss (D.I. 40), the asserted claims of *both* patents Garmin has asserted in this case are invalid under 35 U.S.C. § 101 as being too abstract to be patentable. Accordingly, FLIR moves the Court to use its inherent discretion to stay discovery until ruling on FLIR's Motion to Dismiss Garmin's July 27, 2017 complaint ("the Complaint"). Further, in the event that the Court denies the Motion to Dismiss, FLIR moves the court to stay the case entirely in view of the instituted IPR of the '703 patent currently pending before the PTAB.

A stay is appropriate in both instances because the case is in its infancy, Garmin cannot conceivably be prejudiced, and the pending motion and IPR are reasonably likely to be dispositive of all or at least a significant part of the case. Indeed, even if the Court were to deny the motion to dismiss, if the PTAB cancels the challenged claims of the ’703 patent, at most two claims of U.S. Pat. No. 6,459,987 (“the ’987 patent”) will remain in the case—and both of those claims will expire in less than eight months. Further, the PTAB is all but certain to reach a final written decision cancelling or confirming the asserted claims of the ’703 patent well in advance of any possible trial in this case. In short, every factor that courts traditionally weigh counsels in favor of a stay until serious questions as to the validity of Garmin’s patents are resolved.

## III. FACTUAL BACKGROUND

This dispute did not begin with the filing of the Complaint on July 27. Instead, it began on December 12, 2016, when Garmin filed a substantively identical complaint against FLIR in the District of Kansas alleging infringement of the ’703 patent and the ’987 patent.[1] FLIR promptly responded to that complaint with a motion to dismiss showing both asserted patents were unpatentable under §101, and pointing out that Garmin’s choice of venue was improper under the Supreme Court’s impending *TC Heartland* decision.[2] FLIR’s motion was fully briefed as of March 8. Apart from exchanging initial disclosures, no discovery occurred prior to a March 27 status hearing, when the Kansas Court determined that the case should be stayed until resolution of the motion to dismiss.

[1] *Garmin Switzerland GmbH et al. v. FLIR Maritime US Inc.*, Case No. 2:16-cv-02806-DDC-JPO, Dkt. 1 (D. Kan.) (“the Kansas Action”).

[2] In a May 22, 2017, decision, the Supreme Court clarified the law of venue in patent infringement actions. *TC Heartland LLC v. Kraft Foods Group Brands LLC*, 137 S. Ct. 1514, 197 L. Ed. 2d 816, 2017 U.S. LEXIS 3213 (May 22, 2017).

FLIR's early invalidity challenges were not limited to the motion to dismiss. On February 16, 2017, FLIR filed an IPR petition with the PTAB which explained how a dissertation published in 2001 by a Dutch naval officer disclosed or rendered obvious every limitation of claims 1–7, 12–23, 25–29, and 41–45 of the '703 patent. Bosco Decl., Ex. A. Garmin filed a preliminary response to the petition on June 13 attempting to rebut FLIR's arguments (Bosco Decl., Ex. B), but the PTAB found it unpersuasive. Instead, on August 10, the PTAB decided to institute trial on all challenged claims, based on its finding that FLIR had demonstrated "a reasonable likelihood of prevailing on its challenges to [the validity of] claims 1–7, 12–23, 25–29, and 41–45 of the '703 patent" on the basis of anticipation and obviousness. Bosco Decl., Ex. C, at 33. Oral argument in the IPR is scheduled for April 11, 2018, and a final written decision on the patentability of the claims will issue by August 2018. Bosco Decl., Ex. D, at 6.

On July 27, Garmin—rather than waiting for a decision on FLIR's motion to dismiss in the venue it selected—dismissed its Kansas suit against FLIR and filed this Complaint in Oregon. Other than FLIR's motion to dismiss and now this motion to stay, there has been no substantive activity in the case to date. In particular, FLIR has not answered and no discovery has occurred.[3]

## IV. LEGAL STANDARDS

### A. General Discretion to Stay

District courts have broad, inherent discretion to manage their dockets and stay cases in order to promote judicial economy and avoid unnecessary expenditure of the parties' resources. *Drink Tanks Corp. v. GrowlerWerks, Inc.*, No. 3:16-CV-410-SI, 2017 WL 2633389, at *2 (D.

[3] The parties engaged in a Fed. R. Civ. P. 26(f) scheduling conference on September 25, 2017.

Or. June 19, 2017) ("A court's 'power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants.'") (quoting *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936)).

"Courts apply a liberal policy in favor of granting motions to stay proceedings pending the outcome of IPR proceedings." *Id.* at *2 (citation and ellipses omitted). This is particularly the case when, as here, the PTAB has already made a decision that institution of an IPR is appropriate. Indeed, as Judge Bryson of the Court of Appeals of the Federal Circuit has explained, "[a] near-uniform line of authority" provides that "after the PTAB has instituted review proceedings, the parallel district court litigation ordinarily ***should be stayed***." *NFC Tech. LLC v. HTC Am., Inc.*, No. 2:13-cv-1058-WCB, 2015 WL 1069111, at *7 (E.D. Tex. Mar. 11, 2015) (emphasis added) (Bryson, J. sitting by designation). In evaluating a motion to stay pending an IPR, "district courts typically consider the following three factors: '(i) whether a stay would unduly prejudice or present a clear tactical disadvantage to the non-moving party; (ii) whether a stay will simplify the issues in question and trial of the case; and (iii) whether discovery is complete and whether a trial date has been set.'" *Drink Tanks*, 2017 WL 2633389, at *2 (quoting *Murata Mach. USA v. Daifuku Co., Ltd.*, 830 F.3d 1357, 1361 (Fed. Cir. 2016)).

In the Ninth Circuit, limitations on discovery are appropriate where the Defendant has credibly challenged the legal basis of the complaint. *Rutman Wine Co. v. E. & J. Gallo Winery*, 829 F.2d 729, 738 (9th Cir.1987) ("The purpose of F.R. Civ. P. 12(b)(6) is to enable defendants to challenge the legal sufficiency of complaints without subjecting themselves to discovery."); *see also Top Rank, Inc. v. Haymon*, No. CV 15-4961-JFW (MRWX), 2015 WL 9952887, at *1 (C.D. Cal. Sept. 17, 2015) ("The Court has broad discretion to stay discovery pending the

outcome of a potentially dispositive motion.”). Factors that courts in this District have evaluated in determining whether to stay discovery in view of a dispositive motion include (1) whether the motion is a challenge as a matter of law or to the sufficiency of the allegations, (2) the nature and complexity of the action, (3) the presence of counterclaims or crossclaims, (4) whether all defendants have participated in the request for a stay, (5) the stage of the litigation, and (6) the expected extent and proportionality of discovery. *See generally Ciuffitelli v. Deloitte & Touche LLP*, No. 3:16-CV-0580-AC, 2016 WL 6963039, at *5-8 (D. Or. Nov. 28, 2016).

**B. *Inter Partes* Review – Origins and Procedures**

IPRs are adversarial proceedings that were established by the Leahy-Smith America Invents Act (“AIA”), Pub. L. No. 112-29, 125 Stat. 284 (2011) in order to streamline and facilitate validity challenges to issued patents. “One of the goals of the new IPR proceeding is to minimize duplicative efforts by increasing coordination between district court litigation and *inter partes* review.” *Drink Tanks*, 2017 WL 2633389, at *1 (quoting *Wonderland Nursery Goods Co. v. Baby Trend, Inc.*, 2015 WL 1809309, at *1 (C.D. Cal. Apr. 20, 2015) .

In his recent *Drink Tanks* decision granting a stay in view of an instituted IPR, Judge Simon concisely summarized all of the key features of IPR procedures that are salient to this stay motion. Accordingly, rather than attempting to improve upon Judge Simon’s statement of the law, FLIR reproduces it in full below:

> Under the AIA, any “person who is not the owner of a patent may file with the [PTAB] a petition to institute an *inter partes* review of the patent.” 35 U.S.C. § 311(a). Petitioners “may request to cancel as unpatentable 1 or more claims of a patent only on a ground that could be raised under section 102 or 103 [relating to invalidity of the patent or any claim on the basis of prior art].” *Id.* § 311(b). Before it may institute IPR, the PTAB must determine that the petition presents “a reasonable likelihood that the petitioner would

> prevail with respect to at least 1 of the claims challenged in the petition." *Id.* § 314(a). If IPR is instituted, the petitioner has the burden of proving lack of patentability by a preponderance of the evidence. *Id.* § 316(e).
>
> The current IPR timeline is more compressed than the timeline under its predecessor *inter partes* reexamination procedure. After an IPR petition is filed, the patent owner may, within three months, file a preliminary response "setting forth the reasons why no *inter partes* review should be instituted." 37 C.F.R. § 42.107(a). Alternatively, the patent owner may expedite the proceeding by waiving the preliminary response. *Id.* § 42.107(b). The PTAB must decide whether to institute IPR within three months from when the patent owner's preliminary response is due. 35 U.S.C. § 314(b). The PTAB must issue a final decision within one year from granting IPR, with the possibility of one six-month extension following a showing of good cause. *Id.* § 316(a)(11); *Id.* § 318(a). A dissatisfied party may appeal the PTAB's decision to the Court of Appeals for the Federal Circuit. *Id.* § 141(c). If the PTAB issues a final written decision and the time for appeal has expired or any appeal has terminated, the PTAB "shall issue and publish a certificate canceling any claim of the patent finally determined to be unpatentable [and] confirming any claim of the patent determined to be patentable." *Id.* § 318(b).
>
> Although IPR "may not be instituted if, before the date on which the petition for such a review is filed, the petitioner or real party in interest filed a civil action challenging the validity of a claim of the patent[,]" a petitioner's "counterclaim challenging the validity of a claim of a patent does not constitute [such an action]." *Id.* § 315(a)(1), (3). After IPR concludes with a final written decision, the petitioner is estopped from asserting that a patent claim is invalid "on any ground that the petitioner raised or reasonably could have raised during that *inter partes* review." *Id.* § 315(e).

*Drink Tanks*, 2017 WL 2633389, at *1-2.

## V. DISCOVERY SHOULD BE STAYED PENDING THE COURT'S DECISION ON FLIR'S MOTION TO DISMISS

### A. Invalidity Under § 101 is a Threshold Legal Issue That Should Be Addressed Before Discovery

As the Ninth Circuit has emphasized, district courts should "determine whether there is any reasonable likelihood that plaintiffs can construct a claim before forcing the parties to undergo the expense of discovery." *Rutman Wine*, 829 F.2d at 738. This is particularly so when a motion to dismiss is based on an issue of law that does not require fact discovery. *See Jarvis v. Regan*, 833 F.2d 149, 155 (9th Cir. 1987) (upholding district court denial of discovery while motion to dismiss was pending, and noting that "[d]iscovery is only appropriate where there are factual issues raised by a Rule 12(b) motion"); *see also Ameritel Inns v. Moffat Bros. Plastering, L.C.*, No. CV 06-359-S-EJL, 2007 WL 1792323, at *4 (D. Idaho June 20, 2007) ("Plaintiff has not argued here that it needs the information requested in its first set of discovery to defend against Defendant's Motion to Dismiss. Thus, according to the principle set forth in *Jarvis*, a temporary stay is appropriate"). Here, there are no outstanding fact issues relevant to FLIR's motion and no possibility that Garmin can salvage a claim—through an amended pleading or otherwise—if the Court grants FLIR's motion to dismiss.

This is because the legal basis for any patent infringement action is the patent owner's presumed right to exclude others from making, using, selling, or importing the claimed invention without authorization. *See generally* 35 U.S.C. § 271(a). It is well settled, however, that "an *invalidated* patent carries with it no such right." *F.T.C. v. Actavis, Inc.*, 133 S.Ct. 2223, 2231 (2013) (emphasis added). Accordingly, invalidity is a complete defense to patent infringement, and a complaint alleging infringement of only invalid patents fails to state a claim for relief as a matter of law. *See* 35 U.S.C. § 282 (2)-(3); *In re TLI Commc'ns LLC Patent Litig.*, 823 F.3d

607, 615 (Fed. Cir. 2016) (affirming district court dismissal of a complaint for failure to state a claim based on invalidity of asserted patents).

Further, the specific invalidity defense alleged in FLIR's motion to dismiss—lack of subject matter eligibility under 35 U.S.C. § 101—is precisely the type of threshold issue that the Federal Circuit has repeatedly stated can and should be addressed at the pleadings stage. *OIP Techs., Inc. v. Amazon.com, Inc.*, 788 F.3d 1359, 1364 (Fed. Cir. 2015), *cert*. denied, 136 S. Ct. 701 (2015) ("Failure to recite statutory subject matter is the sort of basic deficiency, that can, and should, be exposed at the point of minimum expenditure of time and money by the parties and the court.") (Mayer, J., concurring) (citation omitted). Since subject matter eligibility is a pure issue of law that is readily ascertainable from the face of the patent document itself, no amount of discovery or enhanced factual pleading can alter the analysis. *OIP*, 788 F.3d at 1362. As a court in this district has noted, moreover, patents challenged on § 101 grounds are not necessarily presumed valid. *Tranxition, Inc. v. Lenovo (U.S.) Inc.*, No. 3:12-CV-01065-HZ, 2015 WL 4203469, at *4 (D. Or. July 9, 2015) ("…while the presumption of validity attaches in many contexts, no equivalent presumption of eligibility applies in the Section 101 calculus") (citation omitted). In other words, the invalidity arguments in FLIR's motion to dismiss raise exactly the type of case-dispositive issue of law that the Court can and should appropriately address before the parties expend time and resources litigating claims that may be dead on arrival.

Garmin all but admitted as much during a status conference in the Kansas Action that occurred after FLIR's prior motion to dismiss was fully briefed. Specifically, when asked by the magistrate judge whether Garmin wanted to proceed with discovery despite FLIR's pending

12(b)(6) motion, Garmin's counsel (in contrast to Garmin's current position) made clear that Garmin did not want to waste judicial and party resources to litigate invalid patents:

> I think our position is if we could get whatever the fastest avenue is to get some clarity. And I told my client this and they said don't worry about it, but this is true, ***I don't want to litigate it for a year, run up both sides' fees, waste time and find out the patents are invalid when, you know, we should have appealed it***. That's my concern. ***I don't think that's productive for anyone***.

Bosco Decl., Ex. E, at 28:13-20. Recognizing the value of addressing validity first, the Kansas magistrate judge proceeded to stay all discovery pending the outcome of FLIR's motion to dismiss. *Id.* at 38:3-8 ("But I do think, at least for the -- the FLIR case, it does not make sense to implement any schedule….I do think it makes more sense to see what happens on the 12(b)(6) challenge and the venue challenge.").

The policy reasons for delaying discovery apply equally here. Given that the current case is in its infancy, it would be wasteful for the parties to engage in costly discovery until validity is resolved.

**B. Other Factors Weigh Heavily in Favor of a Discovery Stay**

All of the other factors that courts traditionally weigh in evaluating discovery delays weigh in favor of a stay here. The case has barely begun, no discovery has occurred to date, and all Defendants are participating in the motion to stay. Further, since FLIR has not answered, there are no counterclaims at issue that might present different issues of law or fact. With respect to the expense and complexity of discovery, patent litigation (along with antitrust) is widely recognized as one the most expensive types of civil litigation. *See, e.g., OIP*, 788 F.3d at 1365 (identifying the "staggering costs associated with discovery and protracted claim construction litigation" as a compelling reason for identifying invalid patents early in the

litigation) (Mayer, J., concurring). The typical complexity and expense associated with patent litigation will only be aggravated here, moreover, given that both Plaintiffs are foreign corporations (Switzerland and Taiwan) and the bulk of the witnesses knowledgeable about the accused FLIR products reside in England. *See* Bosco Decl., Ex. F, at 5-7.

Nor is there any appreciable prejudice to Garmin that would result from a stay. On the contrary, as the Garmin statements cited above demonstrate, *both* FLIR and Garmin stand to benefit if threshold validity issues are addressed before the parties expend substantial resources on litigation. Further, to the extent the allegations in the Complaint are true, they suggest that Garmin knew of FLIR's alleged infringement of the '703 patent three years prior to the filing of this suit (and 18 months prior with respect to the '987 patent), but nonetheless delayed in filing suit. *See* Complaint at 1, ¶¶ 58-63, 137. Finally, had time been of the essence for Garmin, it would not have decided to file suit in a jurisdiction where personal jurisdiction and venue over FLIR were tenuous, and it certainly would not have continued its futile attempt to preserve the Kansas action—even making the argument that venue would have been proper in Kansas regardless of the Supreme Court's *TC Heartland* decision—once it had notice of FLIR's objection to venue. Instead, Garmin waited until the end of July to voluntarily dismiss the Kansas action and file suit here, even though it could have done the same thing in May (when the Supreme Court's *TC Heartland* decision issued and confirmed that Garmin's venue position was legally indefensible), January (when FLIR first showed why venue was improper in Kansas) or any other month after it filed suit in December. Garmin should not be heard to complain of prejudice after it spent eight months pursuing its case in what was plainly the wrong venue.

## VI. EVEN IF THE COURT DENIES FLIR'S MOTION TO DISMISS, IT SHOULD CONTINUE TO STAY THE CASE IN ITS ENTIRETY IN VIEW OF THE INSTITUTED IPR ON THE '703 PATENT

The case for staying the litigation until completion of the ongoing IPR on the '703 patent is compelling. As noted above, courts generally apply three factors in determining whether to stay a case in view of an IPR: "(i) whether a stay would unduly prejudice or present a clear tactical disadvantage to the non-moving party; (ii) whether a stay will simplify the issues in question and trial of the case; and (iii) whether discovery is complete and whether a trial date has been set." *Drink Tanks*, 2017 WL 2633389 at *2. Here, every one of these factors weighs heavily in favor of a stay.

### A. Garmin Cannot Credibly Complain Of Prejudice Or Tactical Disadvantage

For all the reasons discussed above, Garmin is simply in no position to complain of prejudice or tactical disadvantage as a result of a stay. Having wasted eight months in a futile attempt to gain an unfair tactical advantage of its own (by litigating in an improper venue that it considers its home turf),[4] Garmin cannot credibly argue that staying the case until the PTAB has determined whether the asserted claims of the '703 patent are even patentable is prejudicial. As Garmin previously stated, there is simply no reason to "litigate [the case] for a year, run up both sides' fees, waste time and find out the patents are invalid." Bosco Decl., Ex. E, at 28:17-18.

That the instituted IPR addresses only the '703 patent does not substantially alter the analysis. The '987 patent will expire in June 2018 – well before any trial in this case.[5] As of the

---

[4] Garmin's complaint in the Kansas Action is larded with references to its Kansas roots, the money it spends in the district, and the number of people it employs. *See* Bosco Decl., Ex. G, at ¶¶ 13, 15-17.

[5] Pursuant to 35 U.S.C. § 154(a)(2), a U.S. patent normally expires "20 years from the date on which the application for the patent was filed…." Here, the '987 patent was filed on November 15, 1996. Bosco Decl., Ex. H (cover page). That means that the '987 patent typically would

date of expiration, Garmin's only remedy for infringement will be monetary damages for infringement occurring before expiration. Thus, the only "harm" Garmin would suffer is delay in receiving a monetary judgment. But courts unanimously agree that any delay inherent in the stay itself is not unduly prejudicial. *See*, *e.g.*, *PersonalWeb Technologies, LLC v. Apple Inc.*, 69 F.Supp.3d 1022, 1029 (N.D. Cal. Sept. 24, 2014) ("Courts have repeatedly found no undue prejudice unless the patentee makes a specific showing of prejudice beyond the delay necessarily inherent in any stay."); *Raytheon Co. v. Samsung Electronics Co., Ltd.*, No. 2-15-cv-00341, Order Granting Stay, Dkt. No. 117 at 2 (E.D. Tex. Feb. 22, 2016) ("[Plaintiff] can only recover damages for past infringement, so prejudgment interest can adequately redress any delay.").

Additionally, it has been twenty-one years since the '987 patent was filed, and fifteen years since it issued, yet Garmin did not assert the patent against FLIR until December of last year. In contrast to its allegations regarding the '703 patent, moreover, Garmin makes no allegation that the FLIR features it accuses of infringement are new or recently added. In other words, Garmin has waited for a decade and half to assert the stale technology claimed in the '987 patent; it will suffer no disadvantage if it has to wait a little longer while the PTAB resolves the validity of the '703 patent.

---

have expired on November 15, 2016. As noted on the cover of the '987 patent, however, the term of the patent was extended by 578 days – approximately one year and seven months. Thus, the '987 patent will expire on approximately June 15, 2018. A patentee may not obtain monetary damages for any acts occurring after the expiration of the patent, nor may an injunction issue once the patent has expired. *Lans v. Digital Equip. Corp.*, 252 F.3d 1320, 1328 (Fed. Cir. 2001) (indicating that a district court cannot enjoin a party from infringing an expired patent); *Keranos, LLC v. Silicon Storage Tech., Inc.*, 797 F.3d 1025, 1031 n.2 (Fed. Cir. 2015) ("because the patents had expired … [Plaintiff] had no present or future rights to sue and recover for infringement, to exclude others from making, using, importing, or selling products covered by the patents, or to negotiate and grant sublicenses.").

**B. The Pending IPR Will Indisputably Simplify The Issues In The Case**

In instituting an IPR on the '703 patent, the PTAB found that FLIR had demonstrated "a reasonable likelihood of prevailing on its challenges to claims 1–7, 12–23, 25–29, and 41–45 of the '703 patent" on the basis of anticipation and obviousness. *See* Bosco Decl., Ex. C, at 33. Consequently, the PTAB's decision will not only cover every claim of the '703 patent that FLIR has identified, it will cover every claim that Garmin could reasonably assert against FLIR's accused products (the other claims of the '703 patent relate to features that Garmin's allegations in the Complaint do not even remotely suggest are present in the accused products). Accordingly, the pending IPR is "reasonably likely" to remove one of the two patents at issue from the case entirely. Given that "when a claim is cancelled, the patentee loses any cause of action based on that claim, and any pending litigation in which the claims are asserted becomes moot," *Fresenius USA, Inc. v. Baxter Int'l Inc.*, 721 F.3d 1330, 1340 (Fed. Cir. 2013), eliminating the '703 patent would further necessitate removal of a *party* ('703 patent owner Garmin Switzerland) from the case as well.[6] The simplification benefits of eliminating not only half of the asserted patents, but half of the plaintiffs, are self-evident.

There are simplification advantages, moreover, even if the PTAB's final written decision ultimately confirms the patentability of one or more claims. *See SenoRx, Inc. v. Hologic, Inc.*, 2013 WL 144255, at *3 (D. Del. Jan. 11, 2013) ("Whatever outcome occurs, there is the potential for the simplification of issues for trial, either by reducing the number of claims at issue, confirming the validity of the surviving claims, or narrowing the scope of a modified

[6] The Complaint makes no allegation that Garmin Switzerland is an owner or exclusive licensee of the '987 patent; on the contrary, it makes clear that Garmin Corporation alone owns "all right, title, and interest in and to the '987 patent." Complaint at ¶ 45. Accordingly, Garmin Switzerland lacks standing to assert the '987 patent.

claim."). Both FLIR defendants in this case are petitioners in the IPR and will be subject to the statutory estoppel provisions applicable to IPRs. *See* 35 U.S.C. § 315(e). Further, in arguing that the subject matter claimed in the '703 patent is not disclosed in the prior art, Garmin will likely argue that the claims should be interpreted narrowly. Such arguments may amount to binding disclaimers of claim scope that necessarily will impact (and could be dispositive of) claim construction and the infringement analysis at trial. *See Aylus Networks, Inc. v. Apple Inc.*, 856 F.3d 1353, 1361 (Fed. Cir. 2017) ("Because an IPR proceeding involves reexamination of an earlier administrative grant of a patent, it follows that statements made by a patent owner during an IPR proceeding can be considered during claim construction and relied upon to support a finding of prosecution disclaimer.").

As with the prejudice factor, the presence of the '987 patent does not materially alter the analysis. Indeed, courts routinely stay cases in view of IPRs when not all claims or patents are directly implicated. *See, e.g., Robert Bosch Healthcare Systems, Inc. v. Cardiocom, LLC,* 2014 WL 3107447, at *5 (N.D. Cal. 2014) (granting stay and noting that"[e]ven though not all claims are in IPR, the value of simplification still obtains."); *Netlist, Inc. v. Smart Storage Systems, Inc.*, 2015 WL 1738192, *1-*2 (N.D. Cal. 2015) (granting stay since "the validity of a majority of patent claims is under review by the PTAB" and the technologies were related); *Drink Tanks*, 2017 WL 2633389, at*5 (stay granted when IPR implicated "a large percentage of the asserted claims"). Here, moreover, the number of claims unaffected by the IPR is tiny. Specifically, Garmin can assert at *most* two claims of the '987 patent, given that the Complaint identifies only claims 9 and 11 and (in contrast to its allegations with respect to the '703 patent) neither states nor suggests that other claims are infringed.

Further, while Garmin's allegations regarding the '703 patent relate exclusively to FLIR's use of "Autorouting" and "Easy Routing" software products *developed by third parties* (Navionics and Jeppesen), Garmin's '987 patent allegations do not implicate this technology. *See* Complaint at ¶¶ 61, 109, 116-21. Consequently, even if this case went to trial based on the '987 patent, cancellation of the '703 patent's claims during the IPR would eliminate the need for expensive, contentious third-party discovery relating to the accused Navionics and Jeppesen software. Under such circumstances, the simplification advantages of the '703 patent IPR cannot be in serious dispute.

**C. The Procedural Posture Overwhelmingly Weighs In Favor Of A Stay**

Apart from the filing of the Complaint and FLIR's motion to dismiss and stay, nothing of substance has occurred in this litigation to date. The parties only conducted a Rule 26(f) conference on September 25, no discovery requests have been exchanged, and FLIR has not answered the Complaint. In short, the procedural posture could not be better suited to a stay.

The relative infancy of this proceeding, moreover, stands in sharp contrast to the already far more advanced proceedings under way at the PTAB. Specifically, FLIR filed its petition and supporting expert declaration in February, Garmin filed a preliminary response in June, and on August 10 the PTAB issued a thirty-three page decision explaining why all challenged claims are reasonably likely to be unpatentable. Further, the PTAB has already issued a scheduling order specifying that Garmin's response to the petition is due October 25, FLIR's reply is due January 8, 2018, and oral hearing will occur on April 11, 2018. By statute, a final written decision as to the unpatentability of the claims will issue by August 2018. In other words, the PTAB is virtually certain to issue a final written decision confirming or cancelling the asserted claims of the '703 patent many months before any trial in this litigation would occur. Under such

circumstances, principles of judicial economy overwhelmingly counsel in favor of staying the litigation to avoid wasting time and resources litigating claims that are reasonably likely to be cancelled.

## VII. CONCLUSION

For all of the reasons set forth above, FLIR respectfully asks that the Court (1) stay all discovery until it decides FLIR's pending Motion to Dismiss, and (2) in the event that the Court denies the Motion to Dismiss, continue to stay the proceeding in its entirety until the PTAB issues a final written decision in IPR2017-00946.

DATED: September 29, 2017.

WEIL, GOTSHAL & MANGES LLP

*/s/ Brian E. Ferguson*

Brian E. Ferguson (Admitted *Pro Hac Vice*)
brian.ferguson@weil.com
Christopher T. Marando (Admitted *Pro Hac Vice*)
christopher.marando@weil.com
Stephen P. Bosco (Admitted *Pro Hac Vice*)
stephen.bosco@weil.com
Matthew D. Sieger (Admitted *Pro Hac Vice*)
matthew.sieger@weil.com
Telephone: 202.682.7000

STOEL RIVES LLP

Steven T. Lovett, OSB No. 910701
steve.lovett@stoel.com
Telephone: 503.224.3380

Attorneys for Defendants