IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| GARMIN SWITZERLAND GMBH, a Swiss Limited Liability Company, and GARMIN CORPORATION, a Taiwan Corporation,<br><br>Plaintiffs,<br><br>v.<br><br>FLIR SYSTEMS, INC., an Oregon corporation, and FLIR MARITIME US, INC. (f/k/a RAYMARINE, INC.), a Delaware corporation,<br><br>Defendants. | Case No. 3:17-cv-01147-SB<br><br>**OPINION and ORDER** |

**BECKERMAN, Magistrate Judge.**

Garmin Switzerland GmbH and Garmin Corporation (collectively "Garmin") filed a complaint against FLIR Systems, Inc. and FLIR Maritime US, Inc., f/k/a Raymarine, Inc., (collectively "FLIR") for patent infringement. Garmin alleges that FLIR makes, uses, sells, and offers to sell a marine guidance system that infringes Garmin's United States ("U.S.") Patent Nos. 7,268,703 ("the '703 patent") and 6,459,987 ("the '987 patent").

FLIR moves for an order staying all discovery pending the Court's resolution of FLIR's Motion to Dismiss the Complaint. (ECF No. 40.) Alternatively, in the event the Court denies FLIR's motion to dismiss, FLIR moves for an order staying the proceedings entirely until the U.S. Patent Trial and Appeal Board ("PTAB") concludes its already instituted *inter partes* review ("IPR") of the '703 patent. (Defs.' Mot. Stay 1.) Garmin opposes FLIR's request to stay discovery pending a ruling on the motion to dismiss and FLIR's alternative request to stay the proceedings pending an IPR review of the '703 patent. Garmin argues that if the Court is inclined to stay all proceedings pending the IPR review, it should do so immediately, *i.e.*, before ruling on FLIR's motion to dismiss. (Pls.' Opp. 12.) For the following reasons, the Court grants FLIR's Motion to Stay Pending FLIR's Motion to Dismiss and Instituted IPR Proceeding (ECF No. 49), and orders an immediate stay of all proceedings in this Court. This Court denies as moot FLIR's motion to stay discovery.

## I.  STAY OF ALL PROCEEDINGS PENDING THE INSTITUTED IPR REVIEW

### A.  IPR Review

Under the Leahy-Smith America Invents Act ("AIA"), Pub. L. No. 112-29, 125 Stat. 284 (2011) (codified in various sections of Title 35 of the United States Code), any "person who is not the owner of a patent may file with the [PTAB] a petition to institute an *inter partes* review of the patent." 35 U.S.C. § 311(a); *see also Drink Tanks Corp. v. GrowlerWerks, Inc.*, 3:16-cv-00410-SI, 2017 WL 2633389, at *1 (D. Or. June 19, 2017) (explaining the new IPR process, including the legislative intent "to minimize duplicative efforts by increasing coordination between district court litigation and *inter partes* review" (quotations and citation omitted)). Petitioners such as FLIR "may request to cancel as unpatentable 1 or more claims of a patent only on a ground that could be raised under section 102 or 103 relating to invalidity of the patent or any claim on the basis of prior art." 2017 WL 2633389, at *1 (quoting § 311(b) (brackets and

quotations omitted)). If the PTAB determines that the petition presents "a reasonable likelihood that the petitioner would prevail with respect to at least 1 of the claims challenged in the petition" the PTAB may institute the IPR process. *Id.* at § 314(a).

On February 16, 2017, FLIR submitted a "Petition for *Inter Partes* Review of U.S. Patent No. 7,268,703" to the PTAB, seeking cancellation of 29 patent claims on the ground that the challenged claims were invalid because the method employed to calculate navigational routes was known before the '703 patent filing date. (Stephen P. Bosco Decl. Ex. A, Sept. 29, 2017.) On June 13, 2017, Garmin filed a preliminary response in opposition to FLIR's petition. (Bosco Decl. Ex. B.) On August 10, 2017, the PTAB found that FLIR had demonstrated "a reasonable likelihood of prevailing on its challenges to claims 1–7, 12–23, 25–29, and 41–45 of the '703 patent" and accordingly instituted the IPR process. (Bosco Decl. Ex. C at 33.) Oral argument before the PTAB on the IPR is scheduled for April 11, 2018, and a final written decision on the patentability of the claims will issue by August 2018. (Bosco Decl. Ex. D at 6; Defs.' Mot. Stay 15 ("By statute, a final written decision as to the unpatentability of the claims will issue by August 2018.").)

**B.     Legal Standard**

When deciding whether to stay a proceeding pending the IPR process, courts apply a three-part test, asking whether: (1) "discovery is complete and whether a trial date has been set," (2) "a stay will simplify the issues in question and trial of the case," and (3) "a stay would unduly prejudice or present a clear tactical disadvantage to the non-moving party." *Drink Tanks Corp.*, 2017 WL 2633389, at *2. Based on these factors, the court must determine whether "the benefits of a stay outweigh the inherent costs" of delaying the litigation. *EchoStar Tech. Corp. v. TiVo, Inc.*, 5:05-cv-81-DF, 2006 WL 2501494, at *1 (E.D. Tex. July 14, 2006).

C. Analysis

In the event the Court denies its motion to dismiss, FLIR asks the Court to stay the proceedings entirely pending the instituted IPR of the '703 patent. (Defs.' Mot. Stay 1.) Garmin opposes a stay pending IPR review following the Court's ruling on FLIR's motion to dismiss, but argues that if the Court is inclined to stay all proceedings pending the IPR review, it should do so immediately. (Pls.' Opp. 12.) As explained below, the Court finds that a balance of the factors the Court must consider in determining whether to grant a stay pending the IPR favors an immediate stay of all proceedings in this case.

1. **Stage of the Litigation**

Garmin filed its complaint on July 24, 2017. In lieu of an answer, FLIR filed a motion to dismiss on August 22, 2017. On September 29, 2017, simultaneous with filing its reply brief on the motion to dismiss, FLIR filed a motion to stay the proceedings. *See VirtualAgility Inc. v. Salesforce.com, Inc.*, 759 F.3d 1307, 1316 (Fed. Cir. 2014) ("[D]istrict courts have adopted the date of the filing of the motion to stay' as the "proper time to measure the stage of litigation."). Although the parties participated in a Rule 26(f) conference in late September, discovery has not started and FLIR has not yet filed an answer.

Garmin does not dispute FLIR's characterization that "the case has barely begun." (Defs.' Mot. Stay 9; Pls.' Opp. 11 ("Garmin does not dispute that this case is in its early stages."); *see also* Defs.' Mot. Stay 15 ("The relative infancy of this proceeding, moreover, stands in sharp contrast to the already far more advanced proceedings under way at the PTAB.").) This case is in the early stage of litigation. The parties filed a Joint Rule 26(f) Report and Proposed Case Schedule with two sets of proposed dates—one schedule in the event a stay is granted and one schedule in the event a stay is denied. (ECF No. 51.) *See Robert Bosch Healthcare Sys., Inc. v. Cardiocom, LLC*, No. C–14–1575 EMC, 2014 WL 3107447, at *4 (N.D. Cal. July 3, 2014)

PAGE 4 – OPINION AND ORDER

("Where discovery has not yet been completed and a trial date has not been set, courts are more likely to issue stays to save the parties and the Court the unnecessary expenditure of judicial resources."); see also *VirtualAgility, Inc.*, 759 F.3d at 1317 n.6 (instructing that "district courts should generally consider whether discovery is complete and whether a trial date has been set").

### 2. Simplification of the Disputed Issues

The parties dispute whether a stay will simplify the contested issues before this Court. Garmin contends that "any consideration of issue simplification at this point is speculative." (Pls.' Opp. 6.) According to Garmin, "the IPR affects only 29 of 50 claims of the '703 Patent." (Pls.' Opp. 6.) In addition, Garmin argues that "invalidity issues" based on prior art are not before the IPR and thus will not be simplified. (Pls' Opp. 7.) Finally, with respect to claim construction, Garmin maintains that the IPR "cannot simplify claim construction for the '987 Patent . . . [a]nd the Court owes no deference to the PTAB's claim construction regarding the '703 Patent." (Pls.' Opp. 7.)

FLIR responds that the "pending IPR will indisputably simplify the issues in the case." (Defs.' Mot. Stay 9; see also Defs.' Reply 9 ("There can be no serious question that the IPR will simplify the issues.").) Specifically, FLIR has "demonstrated a reasonable likelihood of prevailing on its challenges to claims 1–7, 12–23, 25–29, and 41–45 of the '703 patent." (Bosco Decl. Ex. C at 33 ("Institution of *Inter Partes* Review").) FLIR argues that the PTAB's decision on those 29 claims will effectively remove the '703 patent from this litigation. (Defs.' Mot. Stay 13 (citing *Fresenius USA, Inc. v. Baxter Int'l Inc.*, 721 F.3d 1330, 1340 (Fed. Cir. 2013) ("[I]n general, when a claim is cancelled, the patentee loses any cause of action based on that claim, and any pending litigation in which the claims are asserted becomes moot.")).) Eliminating the '703 patent from the federal court litigation would also remove Garmin Switzerland from these proceedings because Garmin Corporation alone owns "all right, title, and interest in and to the

PAGE 5 – OPINION AND ORDER

'987 patent." (Compl. ¶ 45.) Finally, FLIR maintains that even if the PTAB "confirms the patentability of one or more claims" there is potential for simplification. (Defs.' Mot. Stay 13.) This is so because of the statutory estoppel provision set forth in 35 U.S.C. § 315(e), and arguments made by Garmin during the IPR proceedings regarding claim scope may be binding on Garmin in the federal court litigation. *See Aylus Networks, Inc. v. Apple Inc.*, 856 F.3d 1353, 1361 (Fed. Cir. 2017) ("Because an IPR proceeding involves reexamination of an earlier administrative grant of a patent, it follows that statements made by a patent owner during an IPR proceeding can be considered during claim construction and relied upon to support a finding of prosecution disclaimer.").

The Court agrees with FLIR that the IPR is likely to simplify disputed issues in this litigation. First, it is significant that the PTAB already instituted IPR of the '703 patent, which "ordinarily means that there is a substantial likelihood of simplification of the district court litigation." *NFC Tech. LLC v. HTC Am., Inc.,* 2:13-cv-1058-WCBB, 2015 WL 1069111, at *4 (E.D Tex. Mar. 11, 2015) ("[T]he grant of *inter partes* review has been treated as a highly significant factor in the courts' determination of whether to stay cases pending PTAB review."). If the PTAB confirms the 29 patent claims asserted, FLIR most likely will be estopped from challenging the validity of the claims on any ground that was, or could reasonably have been, asserted in the IPR. *See* 35 U.S.C. § 315(e)(2) ("petitioner in an *inter partes* review of a claim in a patent . . . that results in a final written decision under section 318(a) . . . may not assert . . . in a civil action arising in whole or in part under section 1338 of title 28 . . . that the claim is invalid on any ground that the petitioner raised or reasonably could have raised during that *inter partes* review"); *see also NFC Tech. LLC*, 2015 WL 1069111, at *4 (same). Alternatively, if the PTAB cancels some or all of Garmin's claims, the proceedings in this Court will be narrowed, perhaps

significantly, with the possible dismissal of one plaintiff and one patent. *See Drink Tanks Corp., 2017 WL 2633389, at *5* ("[I]f the PTAB cancels any of the challenged claims, [plaintiff] likely will no longer base their infringement cause of action on any alleged infringement of those claims.").

Additionally, the fact that the IPR process will not eliminate completely the litigation in this court is not determinative. Rather, courts consider the benefits of the IPR to include:

1. All prior art presented to the Court will have been first considered by the PTO, with its particular expertise.

2. Many discovery problems relating to prior art can be alleviated by the PTO examination.

3. In those cases resulting in effective invalidity of the patent, the suit will likely be dismissed.

4. The outcome of the reexamination may encourage a settlement without the further use of the Court.

5. The record of reexamination would likely be entered at trial, thereby reducing the complexity and length of the litigation.

6. Issues, defenses, and evidence will be more easily limited in pre-trial conferences after a reexamination.

7. The cost will likely be reduced both for the parties and the Court.

*See, e.g., NFC Tech. LLC,* 2015 WL 1069111, at *4 (quotations and citations omitted); *see also Drink Tanks Corp.*, 2017 WL 2633389, at *5 (finding that the fact the "IPR will not obviate in the entirety the need for district court proceedings and resolution . . . is not the standard"). Under the circumstances here, it is likely that at least some of these benefits, *i.e.*, encouraging settlement, limiting issues for trial, reducing the complexity and duration of the litigation, and reducing the cost, will result from the IPR proceedings on the '703 patent. The PTAB instituted the IPR process after finding FLIR had a "reasonable likelihood of prevailing" on the 29 asserted

claims and 27 claims not currently asserted arising from the '703 patent. As such, there is a strong probability that the PTAB's written decision will simplify the issues before this Court. Accordingly, the factor of simplification of disputed issues weighs in favor of a stay. *See Drink Tanks Corp.*, 2017 WL 2633389, at *5 ("Regardless of the outcome of the IPR, the PTAB's final written decision is likely to simplify the issues. Thus, this factor weighs in favor of granting a stay.").[1]

### 3. Prejudice to the Non-Moving Party

Garmin contends that the Court must presume that Garmin will suffer prejudice because Garmin and FLIR "directly compete . . . for market share in the recreational marine navigation industry."[2] (Pls.' Opp. 8); *see, e.g., Asetek Holdings, Inc. v. Cooler Master Co.*, No. 13-cv-00457-JST, 2014 WL 1350813, at *5 (N.D. Cal. Apr. 3, 2014) ("Courts recognize that, when the parties are direct competitors, the risk of prejudice is higher to the non-moving party than it would be otherwise."). According to Garmin, FLIR is "Garmin's only competitor in this space to offer the patented Auto Guidance technology in U.S. waters." (Pls.' Opp. 9.) As such, if the Court stays this case, FLIR "will be given free rein to compete in the market in derogation of Garmin's rights." (Pls.' Opp. 9.)

---

[1] Garmin's argument that the Federal Circuit's recent decision in *Aqua Prods., Inc. v. Matal*, 872 F.3d 1290 (Fed. Cir. Oct. 4, 2017) (en banc) "has dramatic consequences for the simplification of issues factor[,]" is not persuasive. (Pls.' Opp. 7-8.) In *Aqua Prods, Inc.*, the Federal Circuit held, among other things, that "the burden of proving the patentability of [a patent holder's] proposed substitute claims" does not rest with the patentee. *Id.* at 1324. As FLIR points out, if Garmin elects to amend its claims before the PTAB, the amended claims must be narrower in scope than the original claims. (Defs.' Reply 9-10 (citing *Aqua Prods., Inc.*, 872 F.3d at 1314 ("proposed amended claims must be narrower in scope")).) Garmin does not explain why a narrowing of its claims before the PTAB militates against a finding of simplification.

[2] Garmin does not allege that FLIR will gain a tactical litigation advantage from a stay of the proceedings.

Garmin also argues that a stay will prejudice Garmin Corporation's rights, as sole owner of the '987 patent. The parties agree that the IPR process will not impact the two asserted claims under the '987 patent and, in any event, the written decision on the '703 patent will not issue until after the '987 patent expires. (Pls.' Opp. 9.) As such, a stay during the pendency of the '703 patent IPR proceedings allows FLIR "to 'unilaterally derail litigation' of the '987 Patent." (Pls.' Opp. 10 (quoting *CDX Diagnostics, Inc. v. U.S. Endoscopy Grp., Inc.*, No. 13-5669, 2014 WL 2854656, at *3 (S.D.N.Y. June 20, 2014)).)[3]

FLIR contends that Garmin will not suffer prejudice from "the relatively short stay" particularly when Garmin delayed filing this action "despite admitted knowledge of FLIR's alleged infringement[.]" (Defs.' Reply 13; *see also* Defs.' Mot. Stay 10 (allegations in the complaint suggest that "Garmin knew of FLIR's alleged infringement of the '703 patent three years prior to filing of this suit (and 18 months prior with respect to the '987 patent").) FLIR also contends that Garmin's arguments in support of its claim of prejudice are merely "unsupported allegations from the Complaint" and devoid of details or evidence. (Defs. Reply 13 ("Indeed, the opposition provides no information regarding the relative size of the parties' respective shares, the shares held by other competitors, or changes in market share that have occurred over time. For all the Court and FLIR know, Garmin's market share may have increased during the period of FLIR's alleged infringement.").) Additionally, FLIR argues that Garmin intends "to amend

---

[3] Garmin also argues that the Court should decline to order a stay because the Supreme Court granted certiorari in *Oil States Energy Servs., LLC v. Greene's Energy Grp., LLC*, 137 S. Ct. 2239 (2017). The sole issue granted for review in that case is "[w]hether *inter partes* review—an adversarial process used by the . . . PTO to analyze the validity of existing patents—violates the Constitution by extinguishing private property rights through a non-Article III forum without a jury." https://www.supremecourt.gov/qp/16-00712qp.pdf (last visited Dec. 18, 2017). According to Garmin, "[t]he Supreme Court's decision in that case will issue next summer, before the final written decision is due from the PTAB in the pending IPR." (Pls.' Opp. 11.) In the absence of binding case law to the contrary, this Court declines to break from existing precedent regarding the propriety of a stay based only on a speculative change in the law.

the claims of the '703 patent in order "to preserve their validity." (Defs. Reply 14.) According to FLIR, Garmin's decision to amend, and thereby narrow, claims during the IPR proceedings, negates Garmin's prejudice arguments. Specifically, "the most that Garmin can hope for from its plan to amend claims during the IPR is narrowed claims that are unenforceable as a matter of law with respect to conduct occurring before they issue (including conduct occurring during the stay) . . . ." (Defs. Reply 14-15.) With regard to Garmin Corporation's claim of prejudice to its rights under the '987 patent, the parties agree that patent will expire in June 2018. FLIR argues that once the '987 patent expires, Garmin Corporation's only remedy for infringement is money damages. (Defs.' Mot. Stay 12.)

Turning to the question of whether Garmin will be prejudiced by a stay, the Court finds that Garmin has not demonstrated undue prejudice. First, while the fact that Garmin and FLIR are direct competitors can weigh in favor of finding undue prejudice, that is not the case here. Specifically, despite its claim of direct competition, Garmin does not allege that it is experiencing "declining sales and market position" due to FLIR's alleged infringement of the '703 patent. *Lighting Science Grp. Corp. v. Shenzhen Kiawei Photovoltaic Lighting Co., Ltd.*, No. 16-cv-03886-BLF, 2017 WL 2633131, at *4 (N.D. Cal. June 19, 2017). Nor does Garmin present any evidence to show that FLIR is encroaching on its market share. "In evaluating claims that direct competition will result in prejudice from a stay, courts require evidence." *Id.* (citing *Cypress Semiconductor Corp. v. GSI Tech., Inc.*, No. 13-cv-02013-JST, 2014 WL 5021100, at *5 (N.D. Cal. Oct. 7, 2014) (collecting cases)). In addition, the delay here is relatively short, measured in months and not years. Despite initially filing the claims against FLIR one year ago (in the District of Kansas), Garmin has not moved for a preliminary injunction to halt FLIR's allegedly infringing conduct. While that fact is not dispositive, the Court can only conclude that

the alleged harm to Garmin's market share caused by FLIR's allegedly infringing conduct does not rise to the level of harm that cannot be redressed by monetary relief. *See, e.g.*, *Autoalert, Inc. v. Dominion Dealer Sols., LLC*, No. SACV 12-1661-JST, 2013 WL 8014977, at *3 (C.D. Cal. May 22, 2013) (finding no undue prejudice in part because "Plaintiff's failure to file for a preliminary injunction in the seven months since it filed its Complaint further suggests that monetary damages will adequately compensate Plaintiff should Defendants be found liable for patent infringement"). Next, while a delay pending the IPR is prejudicial to Garmin's expeditious resolution of its patent rights, "that factor is present in every case in which a patentee resists a stay" and is not sufficient to defeat a stay motion. *NFC Tech. LLC*, 2015 WL 1069111, at *2 (cases cited therein); *see also PersonalWeb Tech., LLC v. Apple Inc.*, 69 F. Supp. 3d 1022, 1029 (N.D. Cal. 2014) ("Courts have repeatedly found no undue prejudice unless the patentee makes a specific showing of prejudice beyond the delay necessarily inherent in any stay." (cases cited therein)).

With respect to undue prejudice arising from a stay of the '987 patent litigation, the parties agree the '987 patent will expire before any trial will occur in the federal court litigation. (*See* ECF No. 51 (Joint Rule 26(f) Report and Proposed Schedule).) Nor has Garmin sought preliminary injunctive relief for FLIR's alleged infringement of the '987 patent. As such, if the Court ultimately determines that Garmin Corporation suffered an injury to its '987 patent rights, monetary relief will be sufficient to compensate it for the harm. *See, e.g., Finjan, Inc. v. Symantec Corp.*, 139 F. Supp. 3d 1032, 1038 (N.D. Cal. 2015) ("[C]ourts generally find that a plaintiff "does not risk irreparable harm by [the defendant's] continued use of the accused technology and can be fully restored to the *status quo ante* with monetary relief." (quotations and citations omitted)). Garmin has not demonstrated that it will suffer undue prejudice from the

delay pending the IPR. Accordingly, the Court finds that the factor of undue prejudice to the non-moving party is neutral.

### D. Balancing the Factors

As discussed above, two of the three factors weigh in favor of a stay and one factor is neutral. In recent years, following Congress' amendments to the AIA, "courts have been nearly uniform in granting motions to stay proceedings in the trial court after the PTAB has instituted *inter partes* review proceedings." *NFC Tech. LLC*, 2015 WL 1069111, at *6 (numerous cases cited therein). The circumstances of this case do not warrant a departure from the line of authority finding that a stay of the federal court litigation is appropriate during the pendency of the IPR proceedings. Through the IPR process, the PTAB will address most of the asserted claims in the federal court litigation and potentially eliminate all claims asserted by the '703 patent, thereby removing both the '703 patent and Garmin Switzerland from this litigation. Even if the PTAB confirms all 29 claims of the '703 patent, the delay caused by the stay will have been relatively short, and the written decision by the PTAB is likely to simplify the issues in this Court.

While Garmin opposes a stay, in the event that a stay is granted, Garmin urges the Court to stay the case immediately. FLIR, however, requests a stay, but only after the Court rules on its pending motion to dismiss. The Court declines to postpone entering a stay of the federal court proceedings until after ruling on FLIR's pending motion to dismiss. As FLIR has argued, the stay is "relatively short" and "Garmin's narrowing amendments may eliminate its ability to plausibly allege infringement of the '703 patent altogether." (Defs.' Reply 10, 13.) The interests served by staying the litigation pending the IPR proceedings include reducing litigation costs, conservation of judicial resources, and deferring to the expertise of the PTAB. *See Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936) (finding that a court's "power to stay proceedings is

incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, for litigants."); *see also* *Personalweb Techs., LLC v. Google Inc.*, 5:13-cv-01317-EJD, 2014 WL 4100743, at *5 (N.D. Cal. Aug. 20, 2014) ("Indeed, allowing these invalidity arguments to be determined once, employing the specialized expertise of the PTAB, produces the exact results—avoiding duplicative costs and efforts and averting the possibility of inconsistent judgments—intended by the AIA and previous procedures." (citing 77 Fed. Reg. 48680–01 at 48721; and *Yodlee, Inc. v. Ablaise Ltd.,* No. 06–cv–07222, 2009 WL 112857, at *2 (N.D. Cal. Jan. 16, 2009) ("Congress instituted the reexamination process to shift the burden o[f] reexamination of patent validity from the courts to the PTO.")). Scheduling oral argument and ruling on FLIR's invalidity arguments runs counter to all of these interests.

The Court finds that an immediate stay is appropriate in order to allow the PTAB, with its particular expertise, to either cancel or affirm the claims asserted in the federal court litigation. *See Software Rights Archive, LLC v. Facebook, Inc.*, C-12-3970 RMW, 2013 WL 5225522, at *6 (N.D. Cal. Sept. 17, 2013) ("A stay effectuates the intent of the AIA by allowing the agency with expertise to have the first crack at cancelling any claims that should not have issued in the patents-in suit before costly litigation continues." (citing H.R. Rep. 112–98 (part I), at 39–40 (2011) (noting that the AIA is aimed at "providing a more efficient system for challenging patents that should not have issued; and reducing unwarranted litigation costs and inconsistent damage awards.")).

## CONCLUSION

The Court GRANTS FLIR'S Motion to Stay Pending FLIR's Motion to Dismiss and Instituted IPR Proceeding (ECF No. 49). This case is STAYED until further order of the Court. The Court DENIES as moot FLIR's motion to stay discovery. The parties shall file a joint status

PAGE 13 – OPINION AND ORDER

report no later than thirty days after the PTAB issues its final written decision in *FLIR Systems, Inc., et al. v. Garmin Switzerland GMBH*, No. IPR2017-00946.

**IT IS SO ORDERED.**

DATED this  18  day of December, 2017.

_____
STACIE F. BECKERMAN
United States Magistrate Judge